ORIGINAL

1  ERIC D. HOUSER (SBN 130079)
2  JEFFREY S. ALLISON (SBN 173620)
   STARLET J. JAPP (SBN 243097)
3  HOUSER & ALLISON
   A Professional Corporation
4  9970 Research Drive
   Irvine, California 92618
5  Telephone:  (949) 679-1111
   Facsimile:  (949) 679-1112
6
7  Attorneys for Defendants,
   OCWEN LOAN SERVICES, LLC erroneously sued
8  herein as Ocwen Financial Services

FILED

2008 MAY -1  AM 11: 58

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY____KWH____DEPUTY

9            UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

FAXED

| | |
|---|---|
| 11  MEYKE ARENS, | Case No. **08 CV 0796 J POR** |
| 12            Plaintiff, | |
| 13  v. | **NOTICE OF REMOVAL OF ACTION BASED UPON FEDERAL QUESTION** |
| 14  OCWEN FINANCIAL SERVICES, AZTEC FORECLOSURE CORPORATION, AEGIS MORTGAGE CORPORATION and DOES 1-10; | **[28 U.S.C. § 1441(a)]** |
| 15 | |
| 16 | |
| 17            Defendants. | |

18      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19      **PLEASE TAKE NOTICE** that Defendant OCWEN LOAN SERVICING,

20  LLC erroneously sued herein as Ocwen Financial Services ("Ocwen"), hereby

21  removes to this Court the above-captioned action described further below:

22      1.    A complaint was filed in the San Diego Superior Court on or about

23  April 14, 2008, entitled <u>Meyke Arens v. Ocwen Financial Services, et al.</u>, Case

24  No. 37-2008-00081888-CU-CO-CTL ("State Court Action").   Copies of the

25

26

27

28

---

**NOTICE OF REMOVAL**
1

1    summons, complaint and pleadings filed to date, with a copy of the Court Docket

2    in the State Court Action are attached hereto collectively as **Exhibit "A"**.

3

4          2.    Based upon information and belief it is alleged that the summons and

5    complaint have not been served on Ocwen. Further, Ocwen removes this case

6    within 30 days of service, and within one year from the filing of the complaint.

7    This removal is therefore timely because it has been filed within 30 days of receipt

8

9    as required by 28 U.S.C. § 1446(b).

10

11         3.    Ocwen has reviewed the docket in the State Court action and made

12   inquiry concerning the other named defendants. At the time of this removal, the

13   docket does not reflect appearances by the defendants and Ocwen has not received

14

15   any objection to the instant removal. Accordingly, this removal is submitted

16   without formal joinder by the other defendants at this time.

17                         **FEDERAL QUESTION**

18

19         4.    This action is removable to the instant Court because it could have

20   originally been filed in this Court pursuant to the jurisdiction conferred by 28

21   U.S.C. § 1334(b). This action could have also been originally filed in this Court

22

23   pursuant to 28 U.S.C. § 1441(a) because substantial federal questions are alleged

24   and presented in the complaint, and thus jurisdiction exists as conferred by 28

25   U.S.C. § 1331. Supplemental jurisdiction exists with respect to any remaining

26

27   claims pursuant to 28 U.S.C. § 1367.

28

I:\CIVIL\OCWEN\Arcos v. Ocwen (4441)\Pleadings\Arcos v. OLS_NORFED.doc

5.    Although Plaintiff's complaint does not specifically reference the following four Federal Acts, the allegations in Plaintiff's complaint are based upon them: (1) the Truth in Lending Act ("TILA") 15 U.S.C. §§ 1601, et seq.; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq.; (3) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et. seq.; and (4) The Home Owners Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 et seq. (*See* Cplt. ¶¶ 6, 7, 8, 9, 11, 29, 30, 33, 37, 44).

6.    For example, Plaintiff alleges at Paragraph 6, "Disclosures required by state and federal law for the benefit of the borrower were never made to the Plaintiff." The "federal law" that governs loan disclosures at the time of closing is TILA. Also in Paragraph 6, Plaintiff alleges that, "Material misrepresentation[s] of facts were made to induce Plaintiff to borrow the stated amount...Terms material to the loan transaction were concealed from Plaintiff...Defendants inflated commissions and fees charged to the borrower in the...funding of the loan..." (*See* Cplt. ¶ 6.) The form of disclosure is governed by 15 U.S.C. § 1632.

7.    Later, Plaintiff alleges at Paragraph 7, "[T]he mortgage was transferred to Ocwen...The borrower was never notified of this transfer as required by law." RESPA, specifically 12 U.S.C. 2605(b), governs the notification requirements placed upon servicers of federally related mortgage loans. Further, Plaintiff, at Paragraphs 13 and 14, finds fault with the amount

1    Ocwen claimed it was due.  The FDCPA, specifically 15 U.S.C. 1692e, is the

2    federal law which governs the false representation of the amount of any debt.

3

4         8.    Plaintiff alleges and prays for remedies based upon violations of

5    these Federal Acts, including but not limited to an order preventing the

6    foreclosure sale of the property (*See* Cplt., prayer ¶ 1.) and cancellation of the

7

8    trustee's deed of trust. (*See* Cplt., prayer ¶ 2.)

9         9.    Plaintiff's right to relief, if any, under these Federal Acts depends

10   upon the resolution of substantial questions of Federal Law and confers federal

11

12   jurisdiction.   Accordingly, this action is properly removed to this Court pursuant

13   to 28 U.S.C. § 1441(a), without the necessity of diversity of citizenship and

14

15   amount in controversy.

16

17   DATED: May 1, 2008                    HOUSER & ALLISON
                                           A Professional Corporation
18

19

20   _____
                                           Eric D. Houser
21                                         Jeffrey S. Allison
                                           Starlet J. Japp
22                                         Attorneys for Defendants,
                                           OCWEN LOAN SERVICING, LLC,
23                                         erroneously sued herein as OCWEN
                                           FINANCIAL SERVICES
24

25

26

27

28

**NOTICE OF REMOVAL**
4

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On May 1, 2008, I served the following document described as:

**NOTICE OF FILING NOTICE OF REMOVAL**

On the following interested parties in this action:

Don C. Burns
LAW OFFICE OF DON C. BURNS
71-650 Sahara Road, Suite 2
Rancho Mirage, California 92270
Ph: (760) 341-8212
*Attorneys for Plaintiff*

[XX]   VIA MAIL/COURIER -- CCP §§ 1013(c), 2015.5: By placing a true copy thereof enclosed in a sealed envelope, addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on May 1, 2008 at Irvine, California

Courtney Hershey

I:\CIVIL\OCWEN\Arens v. Ocwen (44411)\Pleadings\Arens v. OLS_NORFED.doc

View Case Detail                                                    Page 1 of 1

 **Superior Court of California, County of San Diego**

<u>Court Index Home</u>   <u>Previous Page</u>   <u>New Case Number Search</u>   <u>Print</u>

## View Case Detail

Case Title:     **MEYKE ARENS VS. OCWEN FINANCIAL SERVICES**
Case Number:    **37-2008-00081888-CU-CO-CTL**          Case Location:    **San Diego**      File Location
Case Type:      **Civil**                               Date Filed:       **04/14/2008**
Category:       **CU-CO**                                **Contract - Other**

| Plaintiff/Petitioner | | |
|---|---|---|
| Last Name or Business Name | First Name | Primary (P) |
| ARENS | MEYKE | P |

| Defendant/Respondent | | |
|---|---|---|
| Last Name or Business Name | First Name | Primary (P) |
| OCWEN FINANCIAL SERVICES | | P |
| AEGIS MORTAGE CORPORATION | | |
| AZTEC FORECLOSURE CORPORATION | | |

| Microfilm | | | |
|---|---|---|---|
| Microfilm ID | Location | Reel Number | Frame Number |
| This case has not been microfilmed. | | | |

EXHIBIT "A"                                    PAGE 1 OF 22

FILED
CIVIL BUSINESS OFFICE 8
CEPT.

08 APR 14  PM 2: 41

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Don C. Burns, #135206
LAW OFFICE DON C. BURNS
71-650 Sahara Road, Suite 2
Rancho Mirage, California 92270
Tel: (760) 341-8212

Attorneys for Plaintiff

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| MEYKE ARENS, | CASE NO 37-2008-00081888-CU-CO-CTL |
| Plaintiff, | COMPLAINT FOR FRAUD; CANCELLATION OF TRUST DEED; TEMPORARY RESTRAINING ORDER; TEMPORARY INJUNCTION; PERMANENT INJUNCTION; UNFAIR BUSINESS PRACTICES |
| v. | |
| OCWEN FINANCIAL SERVICES, AZTEC FORECLOSURE CORPORATION, AEGIS MORTGAGE CORPORATION and DOES 1 - 10; | |
| Defendants. | |

VIA FAX

Plaintiff complains and alleges as follows:

### PARTIES AND JURISDICTION

1.    At all times relevant to this action, Plaintiff resided in San Diego County, California at 11305 Forestview Lane in San Diego.

2.    At all times relevant to this action, Defendants and each of them were companies conducting business in California, particularly the lending of money secured by residential real estate and those activities related thereto.

### FIRST CAUSE OF ACTION

3.    Aegis Mortgage Corporation ("Aegis") is the mortgage lender that originated the loan to Plaintiff related to the stated causes of action.  Aegis filed bankruptcy in Delaware.

1

1      4.    Ocwen Financial Services ("Ocwen") is the mortgage lender that assumed the

2  loan from Aegis to Meyke Arens related to the stated causes of action.  Ocwen is not authorized

3  to conduct business in California.  The corporation's right to do business in California having

4  been previously revoked.

5      5.    Aztec Foreclosure Corporation ("Aztec") is the trustee related to the stated

6  causes of action.

7

8      6.    On February 18, 2005, Aegis loaned $750,000.00 to   Meyke Arens providing

9  in the note (the "note") for an adjustable interest rate; loan number 400097150.  Material

10  misrepresentation of facts were made to induce the plaintiff to borrow the stated amount.  Terms

11  material to the loan transaction were concealed from Plaintiff.  Disclosures required by state and

12  federal law for the benefit of the borrower were never made to the plaintiff.   Defendants, among

13  other things, did the following wrongful and fraudulent acts:

14     (a) fabricate documentation used in the application process for the loan;

15     (b) falsify statements made in the documents presented in the application and funding of

16  the loan;

17     (c) inflate commissions and fees charged to the borrower in the application and funding

18  of the loan;

19     (d) fabricate and inflated the appraisals of property submitted in the application for the

20  loan;

21

22     (e) conceal and falsify statements made in the application and funding of the loan; and

23     (f) prevent material facts and information from being received by the borrower.

24

25

2

p.3    760-341-8312      ROBINSON BURNS    MAR 06 14 9:30AM 2008

p.3    760-341-8312      ROBINSON BURNS    12:04PM 21 Apr 2008

7. Thereafter, on some unknown date, the mortgage was transferred to Ocwen and assigned loan number 70163753. The borrower was never notified of this transfer as required by law.

8. Beginning in December, 2007, a series of email exchanges occurred between Arens and Ocwen. However, it was not until an email from Ocwen dated January 28, 2008 was received was there any mention of a foreclosure proceeding and Aztec Foreclosure Corporation.

9. In a call to Aztec, it was learned that on December 26, 2007, a default was entered listing the grantors as Aztec Foreclosure Corporation, Meyke Arens and Ulf Arens. Notice of the default was not provided. Pat at Aztec directed the caller to Ocwen to discuss resolution of the matter.

10. When Meyke Arens entered into a loan with Aegis, her interest rate was 8.375% and monthly payments were $5,782.63.

11. After Ocwen assumed the loan, without notice to Plaintiff, interest was increased to 11.375% and monthly payments increased to $7,776.47.

12. On March 5, 2008, a contract was entered into for the sale of 11305 Forestview Lane, San Diego. The purchase price was to be $830,000.00.

13. On March 5, 2008, the unpaid principal balance on the loan was $747,866.52.

14. On April 11, 2008, the date escrow for the sale of the property was to close, Ocwen was claiming $833,753.46 would be owed them.

15. Settlement costs for the sale of the home totaled $915,834.88, putting it in a short sale situation by $84,183.44 (a ten percent discount of Ocwen's outstanding balance.)

16. On March 12, 2008, Ocwen was contacted by the selling agent to discuss a short sale.

8

17.    On March 10, 2008, the attorney's office for the Arens again contacted Aztec and was informed by Pat that there was a title issue to resolve and a date for a foreclosure sale could not be set until resolution of the title issue, although notice was expected in late March for a mid-April sale. Aztec no. 10-77583.

18.    On March 19, 2008, the attorney for Meyke Arens contacted Ocwen to discuss a short sale. While waiting for a representative to answer, the recording playing while on hold began by offering an option to select if calling to receive paperwork for a short sale.

19.    The call was routed to a call center in India. A woman who identified herself as "Twinkle", an Ocwen representative, said they were not accepting short sales on first mortgages and they would only negotiate "something else." When asked how come the recording offered the option to request a short sale package, Twinkle said Ocwen stopped taking short sales on March 13, 2008 on primary mortgages and was only offering them on seconds. A request was made to be transferred to a supervisor. A voice message was left for "Asif." The call was not returned.

20.    A follow up call to Ocwen was made on March 19, 2008 and in response to a request for a phone number for a representative in Florida, the name and number for Pat McTaggert was provided. No identification of her title was available. Immediately following receipt of this information, a voice message was left for Pat McTaggert.

21.    On March 19, 2008, a follow up call was made to Aztec to check on the status of the title issue. Pat referred the caller to Angie who handled title matters. Since Angie was not in the office, the caller was advised to call her the following day. The subject of Ocwen's position on a short sale was discussed with Pat who indicated that Aztec had no authority over Ocwen's decision-making although he would mention the problem to someone in his office in case they

1    spoke to someone in Florida.

2      22. On March 20, 2008, Ocwen was again contacted and during the lengthy message

3    playing while waiting for someone to answer, the recording stated that Ocwen was no longer

4    accepting short sales and the borrower should allow Ocwen to determine the best way to resolve

5    mortgage issues.

6      23.    The Ocwen representative in India who answered the call was asked to transfer

7    the call to a supervisor. The supervisor, Pushkar, said Ocwen was not accepting short sales and

8    would only work to keep the loan with the borrower to work out a repayment plan or loan

9    modification. Pushkar was asked to transfer the call to his supervisor. That supervisor, Prakash

10    said Ocwen "might consider a short sale. Let's see what I can do for you." He asked that Arens

11    call him to answer a few questions. When pressed about whether that call would be a waste of

12    time since Meyke Arens wanted to sell the property and not renegotiate the loan, Prakash said

13    there was a possibility Ocwen would accept the short sale..

14

15      24.    On March 21, 2008, Ulf Arens, husband to Meyke Arens, contacted Ocwen to

16    discuss a short sale. After leaving three messages for Prakash, Ulf Arens received a call back.

17    Prakash confirmed the conversation with Mr. Arens' attorney's office about a short sale. He then

18    said that a short sale would not be possible and offered a repayment plan or refinance of the loan.

19    When Mr. Arens asked to speak with the supervisor for Prakash, he was again offered a payment

20    plan or refinance and ultimately told that his supervisor does not take phone calls.

21

22      25.    Also, on March 21, 2008, the attorney for Meyke Arens received a call back from

23    Pat McTaggert in Ocwen's main office in Florida. She indicated that she was in "evaluations"

24    and referred the caller to three loan resolution managers: Sal Chams, Mala Karkhanis and Danny

25    Chippone. Explicit messages were left for each of these individuals on March 21 and March 24.

5

1  A fourth individual, Lynn Thompson, named as the person to contact for "immediate assistance",

2  was also unsuccessfully called. No calls have been returned.

3      26. On March 24, 2008, the contract for the purchase of the home was cancelled.

4      27. As of March 27, 2008, Ocwen lists 1339 residential properties for sale in the state

5  of California.

6  SECOND CAUSE OF ACTION

7  (Fraud)

8      28. Plaintiff incorporates for all purposes the preceding paragraphs of this complaint.

9      29. The defendants and each of them misrepresented, concealed, and suppressed facts

10  material to the transactions with Plaintiff.

11

12      30. The defendants and each of them were, at all times relating to this action, under a

13  duty to disclose facts material to the transactions to Plaintiff and failed to disclose such material

14  facts.

15      31. Plaintiff was unaware of the facts concealed or suppressed by the defendants and

16  each of them, which facts were material to the transactions with Plaintiff, and Plaintiff would

17  not have entered into the aforesaid transactions with the defendants had they known those

18  material facts.

19  THIRD CAUSE OF ACTION

20  (Cancellation of Trust Deed)

21

22      32. Plaintiff incorporates for all purposes the preceding paragraphs of this complaint.

23      33. Defendants wrongfully claim an estate or interest in the property based on the

24  trustee's deed.

25

6

34. The claims of Defendant the property are without any right or merit. Although the trustee's deed appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth in the preceding paragraphs of this complaint.

35. The estates and interests claimed in the property by Defendants under the trustee's deed are a cloud on the plaintiff's title to the property depreciating restricting, and hindering its market value, restricting Plaintiff's use and enjoyment of the property, and hindering Plaintiff's right to unrestricted alienation to the property. If the trustee's deed is not delivered and canceled, serious injury will result to Plaintiff.

## FOURTH CAUSE OF ACTION

(Equitable Relief: Preliminary Injunction, Temporary Restraining Order, Temporary Injunction, Permanent Injunction)

36. Plaintiff incorporates for all purposes the preceding paragraphs of this complaint.

37. Defendants' threatened wrongful conduct, including but not limited to nonjudicial foreclosure scheduled on or about April 22, 2008, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff.

38. Plaintiff has no adequate remedy at law for the injuries currently suffered or that are threatened and it will be impossible for Plaintiff to determine the precise amount of damage that she will suffer if Defendants' conduct, including foreclosure sale of 11305 Forestview Lane, is not restrained and Plaintiff will be forced to institute a multiplicity of suits to obtain adequate compensation for her injuries.

39. As a proximate result of Defendants' wrongful conduct, Plaintiff's property interest has been taken wrongfully and Plaintiff will be further damaged in like manner so long

7

1  as Defendants' conduct continues. The full amount of this damage is not known now, and

2  Plaintiff will amend this Complaint to state such amount when it becomes known to her.

3      40.    Plaintiff has a reasonable probability of success based on the merits.

4      41    The injunction sought will not disserve the public interest.

5                      FIFTH CAUSE OF ACTION

6              (Unfair Business Practices Act/Misleading Advertising,

7                  California Bus. & Prof. Code §17200)

8

9      42.  Plaintiff incorporates by reference each and every preceding and subsequent fact,

10  allegation, paragraph, attachment and cause of action contained in this complaint as though set

11  forth in full herein.

12      43.  Defendants Aegis and Ocwen engaged in unfair competition, unlawful, unfair or

13  fraudulent business practices, and misleading advertising in violation of California Business and

14  Professions Code §17200 *et seq.* and Business and Professions Code §17500 by committing the

15  acts and omissions hereinabove recited, including, but not limited to the violation of statutes

16  regulating the loan.

17      44.  Defendants Aegis and Ocwen conspired to:

18          (a) fabricate documentation used in the application process for the loan;

19          (b) falsify statements made in the documents presented in the application and

20  funding of the loan;

21

22          (c) inflate commissions and fees charged to the borrower in the application and

23  funding of the loan;

24          (d) fabricate and inflated the appraisals of property submitted in the application

25  for the loan;

8

(e) conceal and falsify statements made in the application and funding of the loan;
and

(f) prevent material facts and information from being received by the borrower.

45.  Plaintiff has been and will continue to be injured by Defendants' conduct as alleged herein.  Plaintiff seeks injunctive relief to prevent foreclosure sale of her home, restitution damages pursuant to California Business and Professions Code §17203 and other civil relief as necessary to deter the forementioned unfair practices, including reasonable attorney fees provided for in California Code of Civil Procedure, Section 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  an order preventing the foreclosure sale of the property;

2.  an order that Defendant deliver the trustee's deed to the court, and prepare and file cancellation of that deed;

3.  an award of costs incurred in this action; and

4.  an award of attorney fees;

5.  an award of general and special damages;

6.  an award of punitive damages;

7.  a temporary and permanent injunction against the Defendants, their successors, assigns, subsidiaries, transferees, officers, directors and agents, from engaging in the unlawful practices described in this complaint;

8.  a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants, and

9

1    employees, and all persons acting under, in concert with, or for them, from selling the property at

2    11305 Forestview Lane during the pendency of this litigation;

3        9.    an award of such other and further relief as this court may deem just and proper.

4

5

                                              LAW OFFICE DON C. BURNS

6

7    Dated: April 14, 2008                      *Don C Burns*

                                            Don C. Burns, #135206

8                                         71-650 Sahara Road, Suite 2

                                     Rancho Mirage, California 92270

9                                         Tel: (760) 341-8212

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                    10

1    Don C. Burns, #135206
      LAW OFFICE DON C. BURNS
2    71-650 Sahara Road, Suite 2
      Rancho Mirage, California 92270
3    Tel: (760) 341-8212

4    Attorneys for Plaintiff

5                SUPERIOR COURT OF CALIFORNIA

6                 COUNTY OF SAN DIEGO

7    MEYKE ARENS,            CASE NO. 37-2008-00081888-CU-CO-CTL
                                   [Hon. Ronald L. Styn; Dept. 62]
8             Plaintiff,
                               **NOTICE OF EX PARTE HEARING**
9    v.                             **RE: APPLICATION FOR**
                                   **TEMPORARY RESTRAINING**
10    OCWEN FINANCIAL SERVICES, AZTEC    **ORDER**
      FORECLOSURE CORPORATION, AEGIS
11    MORTGAGE CORPORATION and DOES
      1 - 10;                             **Date: April 21, 2008**
12             Defendants.           **Time: 8:30 a.m.**
                                   **Dept. 62**

13

14

15        Please take notice that on the date and time above, plaintiff Meyke Arens will apply

16 for a temporary restraining order preventing the foreclosure and sale of her real property located

17 in the State of California, San Diego County, City of San Diego at 11305 Forestview Lane, and

18 described as follows:

19             Lot 354 of McMillin Scripps Two Unit No. 6, in the City of San Diego,
             County of San Diego, State of California, according to Map thereof No.
20           9749, filed in the office of the County Recorder of San Diego County, August
            11, 1980.
21

22             Assessor's Parcel No.: 31 9-282-32.
   ///
23    ///

24    ///

25    ///

1

1      This application will be based on the complaint served on you, documents filed in this

2   case, and the argument of counsel.

3

4

5                                    Respectfully Submitted

6                                    LAW OFFICE DON C. BURNS

7

8   Dated: April 17, 2008

9                                    Don C. Burns
                                     Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

Apr 18 2008 2:31PM    HP LASERJET FAX                                    p. 1

PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:

Don C Burns

AND WHEN RECORDED MAIL TO:

71-650 Sahara Rd #2

Rancho mirage CA 92270

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON APR 18, 2008
DOCUMENT NUMBER 2008-0208095
GREGORY J. SMITH, COUNTY RECORDER
SAN DIEGO COUNTY RECORDER'S OFFICE
TIME: 3:04 PM

_THIS SPACE FOR RECORDER'S USE ONLY_

Lis Pendens
(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

9/95
Rec.Form #R25

FILED

1    Don C. Burns, #135206
     LAW OFFICE DON C. BURNS
2    71-650 Sahara Road, Suite 2
     Rancho Mirage, California 92270
3    Tel: (760) 341-8212

4    Attorneys for Plaintiff

5                    SUPERIOR COURT OF CALIFORNIA

6                       COUNTY OF SAN DIEGO

7    MEYKE ARENS,                    )  CASE NO. 37-2008-00061888-CU-CO-CTL
                                     )
8                    Plaintiff,      )  NOTICE OF PENDENCY OF ACTION
                                     )  [Code Civ. Proc. § 405.20]
9    v.                              )
                                     )  LIS PENDENS
10   OCWEN FINANCIAL SERVICES, AZTEC )
     FORECLOSURE CORPORATION, AEGIS  )
11   MORTGAGE and DOES 1 - 10;       )
                                     )
12                   Defendants.     )

13

14   ───────Notice is given that the above-entitled action was filed in the above-entitled court on──────

15   4-14    2008 by MEYKE ARENS, plaintiff, against OCWEN FINANCIAL

16

17   SERVICES, AZTEC FORECLOSURE CORPORATION, AEGIS MORTGAGE, defendants.

18   The action affects title to specific real property and the right to possession of specific real

19   property identified in the complaint in the action.

20          The specific real property affected by the action is located in the State of California,

21   San Diego County, City of San Diego at 11305 Forestview Lane, and is described as follows:

22   ///

23   ///

24   ///

25

                                     1

VIA FAX

All that certain real property situated in the County of San Diego, State of California, described as follows:

Lot 354 of McMillin Scripps Two Unit No. 6, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 9749, filed in the office of the County Recorder of San Diego County, August 11, 1980.

Assessor's Parcel No.: 319-282-32.

Dated: April 14, 2008

_Don C. Burns_

Don C. Burns
LAW OFFICE DON C. BURNS
Attorney for Plaintiff, Meyke Arens

DATE: APR 14 2008
Attest: A true copy,
Clerk of the Superior Court
By _____ Deputy
S. LITTLE
2 Pages

2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00081888-CU-CO-CTL     CASE TITLE: Arens vs. Ocwen Financial Services

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827<br>BRANCH NAME:    Central | |

| PLAINTIFF(S):    Meyke Arens |
|---|
| DEFENDANT(S):  Ocwen Financial Services et.al. |
| SHORT TITLE:    ARENS VS. OCWEN FINANCIAL SERVICES |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00081888-CU-CO-CTL |
|---|---|

Judge: Ronald L. Styn                                              Department: C-62

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☑ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                               ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                              ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral      ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                Date: _____

Name of Plaintiff                                          Name of Defendant

Signature                                                  Signature

Name of Plaintiff's Attorney                               Name of Defendant's Attorney

Signature                                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 04/14/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)                STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1

3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 685-6003

PLAINTIFF(S) / PETITIONER(S):     Mayka Arans

DEFENDANT(S) / RESPONDENT(S):  Ocwen Financial Services et.al.

ARENS VS. OCWEN FINANCIAL SERVICES

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00061868-CU-CO-CTL |
|---|---|

Judge: Ronald L. Styn                                      Department: C-62

COMPLAINT/PETITION FILED: 04/14/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)
**NOTICE OF CASE ASSIGNMENT**
Page: 1

EXHIBIT "A"                                      PAGE 20 OF 22

May 22 07 08:49p                                                              p.2

1  Don C. Burns, #135206

F I L E D
Clerk of the Superior Court

APR 21 2008

By: P. WOODS, Deputy

2  LAW OFFICE DON C. BURNS
3  71-650 Sahara Road, Suite 2
   Rancho Mirage, California 92270
   Tel: (760) 341-8212

4  Attorneys for Plaintiff

5                        SUPERIOR COURT OF CALIFORNIA

6                           COUNTY OF SAN DIEGO

7                             HALL OF JUSTICE

8  MEYKE ARENS,                      )  CASE NO. 37-2008-00081888-CU-CO-CTL
                                     )  [Hon. Ronald L. Styn; Dept. 62]
9              Plaintiff,            )
                                     )
10  v.                              )
                                     )
11  OCWEN FINANCIAL SERVICES, AZTEC )  [PROPOSED] TEMPORARY
    FORECLOSURE CORPORATION, AEGIS  )  RESTRAINING ORDER AND ORDER
12  MORTGAGE CORPORATION and DOES   )  TO SHOW CAUSE RE:PRELIMINARY
    1 - 10;                          )  INJUNCTION
                                     )
13             Defendants.          )
                                     )
14

15       The application of plaintiff Meyke Arens for a temporary restraining order and an

16  order to show cause regarding a preliminary injunction came on for hearing in Department 62 of

17  this Court on April 21, 2008 at 8:30 a.m.  Don C. Burns appeared on behalf of plaintiff, Meyke

18  Arens. There was no appearance on behalf of defendant Ocwen Financial Services. There was no

19  appearance on behalf of defendant Aegis Mortgage Corporation. There was no appearance on

20  behalf of defendant Aztec Foreclosure Corporation. Having read the ex parte application, the

21  points and authorities and the declaration filed by the plaintiff, and having heard argument of

22  counsel, and satisfactory evidence having been presented,

23       IT IS ORDERED THAT plaintiff's application for a temporary restraining order and

24  order to show cause regarding a preliminary injunction is granted. Defendants and their

25  employees, agents, and persons acting with them or on their behalf are restrained from

                                      1

1  conducting a foreclosure sale, transferring any ownership interest in or further encumbering the
2  property located at 11305 Forestview Lane, San Diego, California, more particularly described
3  as Lot 354 of McMillan Scripps Two Unit No. 6, according to Map No. 9749, filed in the office
4  of the County Recorder of San Diego County on August 11, 2008.
5
6         IT IS FURTHER ORDERED THAT the defendants and each of them shall appear on
7  May 2, 2008 at 8:30 a.m. in Department 62 of the above entitled court to show cause why they
8  should not be restrained pending trial of this matter from conducting a foreclosure sale,
9  transferring any ownership interest in or further encumbering the property hereinabove
10 described.
11        IT IS FURTHER ORDERED THAT the plaintiff is not required to file with the Clerk
12 of the Court an undertaking by reason of the likely outcome of this matter and the inability of the
13 plaintiff to do so pending trial of this action.
14        The Court reserves jurisdiction to modify or dissolve the restraining order as may be
15 required by the interests of justice.
16
17 Date: __4-21-08__                    _____
18                                      Judge of the Superior Court
19                                      RONALD L. STYN
20
21
22
23
24
25

2

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 150417    — MS

## May 01, 2008
## 11:58:38

### Civ Fil Non-Pris
USAO #.: 08-CV-0796-J   CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC68607

## Total-> $350.00

FROM: MEYKE ARENS
      VS. OCWEN FINANCIAL SERVICES
      CIVIL FILING

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MEYKE ARENS

**DEFENDANTS** 08 MAY -1 PM 12: 20

OCWEN FINANCIAL SERVICES

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)   DEPUTY

**'08 CV 0796 J POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1601

Brief description of cause:
Violation of truth and lending act   L.C.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____   DOCKET NUMBER ____

DATE   05/01/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 15041   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

MS 5/1