1  ERIC D. HOUSER (SBN 130079)
   STARLET J. JAPP (SBN 243097)
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, California 92618
4  Telephone: (949) 679-1111
   Facsimile: (949) 679-1112
5
6  Attorneys for Defendants,
   OCWEN LOAN SERVICES, LLC erroneously sued
7  herein as Ocwen Financial Services

8
               **UNITED STATES DISTRICT COURT**
9
10        **DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT**

11  MEYKE ARENS,                          ) Case No.: 08cv796 JM (POR)
                                          )
12              Plaintiff,                )
                                          )
13  v.                                    ) **DEFENDANT OCWEN'S NOTICE**
                                          ) **OF MOTION AND MOTION TO**
14  OCWEN FINANCIAL SERVICES,             ) **DISMISS PLAINTIFF'S**
    AZTEC FORECLOSURE                     ) **COMPLAINT; MEMORANDUM**
    CORPORATION, AEGIS                    ) **OF POINTS AND AUTHORITIES**
15  MORTGAGE CORPORATION and              )
    DOES 1-10;                            )
16                                        )
                Defendants.               )
17  _____ )

18      **TO THE COURT, TO PLAINTIFF AND THE PARTIES AND THEIR**

19  **COUNSEL OF RECORD:**

20      **PLEASE TAKE NOTICE** that on June 13, 2008 at 1:30 p.m. or as soon

21  thereafter as may be heard, in Courtroom 16, of the above-entitled Court located at

22  940 Front Street, San Diego, California 92101, Defendant OCWEN LOAN

23  SERVICING, LLC, erroneously sued herein as OCWEN FINANCIAL

24  SERVICES (referred to as "Ocwen"), will and hereby does move this Court to

25  dismiss, with prejudice, the Plaintiff's Complaint ("Complaint") on file herein.

26      This Motion is made and based upon Rules 12(b)(6) of the Federal Rules of

27  Civil Procedure, and is based on the ground that Plaintiff has failed to state a claim

28  upon which relief may be granted and the Complaint is barred as a matter of law

---

against Ocwen.  This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

DATED:  May 8, 2008                          HOUSER & ALLISON
                                              A Professional Corporation


                                              /s/ Starlet J. Japp
                                              Eric D. Houser
                                              Starlet J. Japp
                                              Attorneys for Defendant,
                                              OCWEN LOAN SERVICING, LLC
                                              erroneously sued herein as OCWEN
                                              FINANCIAL SERVICES

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
## I.    INTRODUCTION

3
### A.    Summary of Argument

4
Plaintiff borrowed $760,800.00 from Aegis Mortgage Corporation

5
("Aegis") on February 18, 2005.  The loan was secured by the Property located at

6
11305 Forestview Lane, San Diego, California 92131 ("Property"). (A copy of the

7
Deed of Trust is attached hereto as **Exhibit "A".**) [1] Ocwen Loan Servicing, LLC

8
("Ocwen") began servicing the loan in July 2007. Plaintiff defaulted on the loan

9
while Ocwen was the loan servicer.

10
After defaulting on the loan, Plaintiff attempted to enter into a contract to

11
sell the Property for an amount less than she owed Defendants on the loan.  When

12
the Defendants refused to accept the reduced price, Plaintiff filed this suit.  The

13
Plaintiff's concerns seem to be based upon her anger that she was not allowed to

14
sell the Property for an amount less than what she owed on the loan secured by the

15
Deed of Trust. (*See* Cplt.¶¶ 12, 15, 16, 26.)

16
The Plaintiff's claims have been disguised with state law headings but in

17
reality the claims fall under federal lending statutes.  The statute of limitations for

18
the federal lending statutes all expired several months prior to the filing of this

19
action.  Further, the Plaintiff's ill-fitted state law claims are plagued by the same

20
timing defect, as well as, other incurable deficiencies. Consequently, all of the

21
Plaintiff's claims against Ocwen fail as a matter of law.

22
The first and second claims in the Complaint do not clearly state how or

23
why Plaintiff is entitled to relief.  These claims include broad allegations of fraud

24
and violations of the federal lending statutes. The claims are so vague that Ocwen

25
is not put on notice as to what actions it allegedly took which equate to fraud.

26

27

28
[1] Branch v. Tunnel, 14 F3d 449, 454 (9th Cir. 1994) (on motion to dismiss, the court may consider documents exhibited, referred to, or that are central to the Plaintiff's complaint); Parrino v. FHP, Inc. 146 F.3d 699, 706 (9th1 Cir. 1998); Cortec Industries, Industries, Inc. v. Sum Holdings, L.P., 949 F.2d 42, 47 (2nd Cir. 1991).

1  Plaintiff also fails to recognize that the statute of limitations for the federal lending
2  laws referenced and the fraud claim expired prior to the filing of the Complaint.

3      The third claim for "cancellation of trust deed" is based upon the Plaintiff's
4  conclusion that Defendants wrongfully claim an interest in the Property based
5  upon the Deed of Trust recorded at Document No. 2005-0154915. (*See* Cplt. ¶ 33.)
6  However, Plaintiff centers her request on the allegation that Defendants' allegedly
7  acted fraudulently during the loan origination process and violated the federal
8  lending laws.  The statute of limitations for the federal lending laws and alleged
9  fraud expired prior to when Plaintiff's Complaint was filed.

10     The Plaintiff's fourth claim for "Equitable Relief: Preliminary Injunction,
11 Temporary Restraining Order, Temporary Injunction and Permanent Injunction"
12 fails because it lists prayers for relief not claims.  Further, all of these requests are
13 redundant because they have been included in the Prayer section.  (*See* Cplt.
14 Prayer ¶¶ 1, 7, 8.)

15     The fifth claim for "Unfair Business Practices Act/Misleading Advertising"
16 alleges that Defendants Aegis Mortgage Corporation ("Aegis") and Ocwen
17 violated *California Business and Professions Codes* §17200 and § 17500. (*See*
18 Cplt. ¶ 43.)  Similar to the Plaintiff's first and third claim, the allegations included
19 in the fifth claim are based upon violations of federal lending laws for which the
20 statute of limitations have expired. Ocwen's motion to dismiss should be granted
21 in its entirety because the Plaintiff's claims against Ocwen fail as a matter of law.

22     **B.    Summary of Allegations**

23     Although the Plaintiff's Complaint contains five separate claims the
24 Complaint really contains two central assertions.  The first assertion is that the
25 terms of the loan were concealed at the time the loan was created.  The second
26 assertion is that the Defendants' refused to allow Plaintiff to proceed with a
27 contract to sell the Property for an amount less than what Plaintiff owes the
28 Defendants.

1   The viability of the Plaintiff's first assertion is eliminated under two
2   different theories.  First, the laws which are the basis for the Plaintiff's loan
3   origination claims all possess a three year statute of limitations which expired
4   several months before the Complaint was filed.  Second, Ocwen was not involved
5   in the origination of the Plaintiff's loan and therefore was not a party to the acts
6   which created the loan and which are the basis of the Plaintiff's dispute.

7   The second assertion can be disposed of because the Plaintiff failed to raise
8   even one legal argument regarding why the Defendants' refusal to accept the
9   discounted amount was wrong.  The Plaintiff merely infers that she is dissatisfied
10  with the Defendants' decision.

11  **ARGUMENT**

12  **II.    PLAINTIFF CANNOT MAINTAIN HER FIRST CLAIM AGAINST**
13  **OCWEN**

14  **A.    Plaintiff's Contentions That Defendants' Violated TILA By**
15  **Allegedly Failing To Make Required Disclosures At Loan Origination Are**
16  **Time Barred**

17  The Plaintiff's first Claim is grounded upon alleged violations of The
18  Federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j.  (*See* Cplt. ¶
19  6(a-f).) The Plaintiff alleges at Paragraph 6, "Disclosures required by state and
20  federal law for the benefit of the borrower were never made to the Plaintiff."  The
21  "federal law" that governs loan disclosures at the time of closing is TILA.  Also in
22  Paragraph 6, Plaintiff alleges that, "Material misrepresentation[s] of facts were
23  made to induce Plaintiff to borrow the stated amount...Terms material to the loan
24  transaction were concealed from Plaintiff...Defendants inflated commissions and
25  fees charged to the borrower in the...funding of the loan..." (*See* Cplt. ¶ 6.)
26  Interestingly, when Plaintiff refinanced the Property and obtained the Loan she not
27  only accepted the adjustable rate feature and the fees and costs but more than

28

1  $218,000.00, a portion of which was used at closing to pay off Plaintiff's other

2  debts.

3       The form of disclosure referred to in this Claim is governed by 15 U.S.C. §

4  1632. TILA addresses disclosures required to be given by a lender to a borrower

5  at the time the mortgage is obtained. A TILA action for damages must be brought

6  within a maximum of one year and a TILA action for rescission must be brought

7  within a maximum of three years from the loan transaction. 15 U.S.C. §§ 1635(f),

8  1640(e); and *see, Hubbard. v. Fidelity Federal Bank,* 824 F. Supp. 909 (C.D. Cal.

9  1993). The Plaintiff's allegations focus on the loan origination which occurred

10  during February 2004. However, the Complaint was not filed until over three

11  years later in April 2008. [2] Consequently, any action for damages or for rescission

12  is time barred because the Plaintiff's statute of limitations expired no later than

13  February 2008, which was several months before the Complaint was filed.

14       Additionally, Plaintiff refers to the change in the interest rate but did not

15  attach the Adjustable Rate Rider to the Complaint. Plaintiff signed the Adjustable

16  Rate Rider which is attached hereto as **Exhibit "B."** As evidenced by the

17  Adjustable Rate Rider, the interest rate was set to adjust in March 2007 which

18  happened to be close to the same time Ocwen began servicing Plaintiff's loan. It

19  is clear from Plaintiff's signature on the Adjustable Rate Rider that Plaintiff knew

20  the interest rate was adjustable when she accepted the loan terms in exchange for

21  $760,800.00.

22  ///

23  ///

24

25

26

27  [2] TILA actions for rescission or damages commence from the time of the disclosure violation, i.e. when the loan was consummated. 15 U.S.C. §§1635(f), 1640 (e); *Hubbard v. Fidelity Federal Bank*, 824 F. Supp. 909 (C.D. Cal. 1993); *King v. Cal.*, 784 F.2d 910, 913 (9th Cir. 1986); *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417-419, 118

28  S. Ct. 1408 (1998) (TILA limitation periods are absolute such that TILA rights expire at the end of the term, there is no tolling.)

1    **B.    Plaintiff's Contention That Defendants Violated FDCPA Also**
2    **Fails To Establish A Claim For Which Relief Can Be Granted**

3    Although it is unclear what Plaintiff is contending Ocwen did wrong,
4    Ocwen herein responds to the Plaintiff's blanket allegations regarding the alleged
5    violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.
6    1692(a)(6). Plaintiff appears to dispute the amount Ocwen said was owed on the
7    loan. The story painted by the Complaint is that the Plaintiff entered in to a
8    contract to sell the Property for $830,000.00 which was less than the amount owed
9    on the loan. It appears Plaintiff was satisfied with the sales price because she only
10   intended to pay off the principal balance on the loan which was $747,866.52, but
11   Plaintiff did not intend to pay off the entire loan balance. (*See* Cplt. ¶¶ 12, 13, 14,
12   15.) When Plaintiff learned that Ocwen was unwilling to accept less than what
13   was owed Plaintiff cancelled the contract for the sale of the Property.
14   Approximately two weeks later Plaintiff filed this action.

15   Plaintiff's Complaint clearly expresses her irritation with the Defendants for
16   attempting to collect the amount owed on the loan secured by the Property.
17   However, the Complaint fails to specify how Defendants' intention to collect the
18   amount owed violated any of Plaintiffs' rights.

19   **IV.   PLAINTIFF'S FRAUD CLAIM FAILS AS A MATTER OF LAW**

20   Plaintiff's second claim alleges that Defendants acted fraudulently when
21   they failed to comply with disclosure requirements during the origination of the
22   Plaintiff's loan. Unfortunately for the Plaintiff this claim is also defective.

23   **A.    Plaintiff's Fraud Claim Is Time Barred**

24   Plaintiff alleges that the Defendants committed fraud by making
25   misrepresentations which induced the Plaintiff to enter into the loan. (*See* Cplt. ¶
26   6.) Each allegation the Plaintiff made refers to the loan application and/or the
27   documentation which facilitated the Plaintiff's loan. (*See* Cplt. ¶ 6 (a-f).) Plaintiff
28   claims that if she had known the true terms of the loan she would not have entered

1  into it. (*See* Cplt. ¶ 31.)  Plaintiff's claims that the Defendants misrepresented,

2  concealed, and suppressed facts material to the transaction. (*See* Cplt. ¶ 29.) The

3  loan was originated in February 2005.

4      The statute of limitations for a fraud claim is three years. *California Code*

5  *of Civil Procedure* § 335 and 338(d).  Plaintiff's claim is barred by the statute.

6          "The periods prescribed for the commencement of

7          actions other than for the recovery of real property, are
as follows:  Within three years: An action for relief on

8          the ground of fraud or mistake.  The cause of action in

9          that case is not deemed to have accrued until the
discovery, by the aggrieved party, of the facts

10          constituting the fraud or mistake." *Cal. Code Civ. Proc.*

11          § 335 and 338(d).

12      Plaintiff's fraud claim fails as a matter of law because she filed her

13  Complaint in April 2008, which was over three years after the fraud allegedly

14  happened.

15      **B.**    **Plaintiff's Fraud Claim Fails Because It Lacks Specificity**

16      Pleading a cause of action for fraud requires specific allegations of the what,

17  how, where, by whom, to whom, and by what means the alleged representations or

18  concealments were made. *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 264

19  Cal.Rptr. 337, 345 (1990).  When asserting fraud against a corporation, a plaintiff

20  must also specifically allege the names of the persons, their authority to speak, to

21  whom they spoke, what they said or wrote, and when it was said or written.

22  *Tarmann v. State Farm Mutual Automobile Insurance Company*, 2 Cal.App.4th

23  153, 157, 2 Cal.Rptr.2d 861, 862-63 (1991); *Williams v. WMX Technologies, Inc.*,

24  112 F.3d 175, 178 (5th Cir. 1997) (Rule 9 requires "the plaintiff to allege the who,

25  what, where and when of the alleged fraud.").

26      No such specifics are provided in the Complaint.  The Plaintiff's fraud claim

27  is based upon the events which led up to the birth of this loan.  Ocwen was not

28  involved during the loan origination process.    As admitted by Plaintiff's

1   Complaint, Ocwen "assumed the loan from Aegis." (*See* Cplt. ¶ 4.)    Further,

2   Plaintiff does not identify who from Ocwen participated in the fraudulent acts

3   which allegedly induced Plaintiff to enter into the loan which she now disputes.

4   Plaintiff cannot make such allegations because Ocwen was not involved in the

5   origination of Plaintiff's loan.

6      The only time the Complaint specifically names alleged representatives of

7   Ocwen is in the summary of the situation regarding Plaintiff's recent attempt to

8   sell the Property.    The Complaint clearly identifies Plaintiff's discontent with

9   Ocwen's refusal to accept an amount less than what was owed on the loan.

10  However, Plaintiff did not include a single remark that anyone involved in the

11  transaction acted fraudulently. (*See* Cplt. ¶¶12-26.)  For all of the above reasons

12  the fraud claim is deficient and Ocwen's Motion to Dismiss the Complaint with

13  prejudice should be granted.

14  **V.    PLAINTIFF'S THIRD FAILS BECAUSE IT IS TIME BARRED**

15     The third claim in the Complaint asks this Court to cancel the Deed of Trust.

16  (*See* Cplt. ¶ 35.)   The Plaintiff contends that she will be injured if the Deed of

17  Trust is not cancelled.   (*See* Cplt. ¶ 35.)   The Plaintiff's request is time barred

18  because she is seeking to rescind the loan based upon the alleged TILA violations.

19  As previously stated, a TILA action for rescission must be brought within a

20  maximum of three years from the loan transaction. 15 U.S.C. §§ 1635(f), 1640(e);

21  and *see*, *Hubbard. v. Fidelity Federal Bank*, 824 F. Supp. 909 (C.D. Cal. 1993).

22  Because more than three years passed between the creation of Plaintiff's loan and

23  the filing of the Complaint the claim for rescission is time barred.

24  **VI.    PLAINTIFF'S FOURTH CLAIM FAILS AS A MATTER OF LAW**

25     The fourth claim is also misplaced.  It is made up of several requests for

26  relief which would be more appropriately found in the Prayer section of the

27  Complaint.    It does not contain any new factual allegations.  This claim also

28  includes a request for a temporary restraining order ("TRO") and preliminary

1 injunction. The Complaint is not the appropriate pleading wherein to request this
2 type of relief. Further, Plaintiff has addressed this request in the TRO which is
3 already in place. The Plaintiff's ability to sustain the restraint of the foreclosure
4 sale should be addressed in a preliminary injunction hearing not in a claim
5 included in the Complaint.

6 **VII.    THE FIFTH CLAIM FAILS BECAUSE IT IS VAGUE**

7 At first glance the fifth claim appears to include claims that the Defendants
8 violated California Bus. & Prof. Code §17200. However, the claim contains vague
9 allegations that, "Aegis and Ocwen engaged in unfair competition, unlawful,
10 unfair or fraudulent business practices, and misleading advertising in violation of
11 California Business and Professions Code § 17200 et seq. and Business and
12 Professions Code § 17500 by committing the acts and omissions hereinabove
13 recited, including, but not limited to the violation of the statutes regulating the
14 loan." (*See* Cplt. ¶ 43.)

15 Here, as in the fraud claim, Ocwen is not put on notice for what accusations
16 it must defend itself against. "A plaintiff must state with reasonable particularity
17 the facts supporting the statutory elements of the violation [under 17200]."
18 *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708
19 (1993).   In order for the act to be deemed "unlawful," it must be shown that it is a
20 "business practice and that at the same time is forbidden by law." *Id.*;  *Walker v.*
21 *Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169-1170, 121 Cal.Rptr.2d
22 79 (2002).   Unfair business practices under Section 17200 applies to ongoing
23 conduct, relief is not available to remedy past conduct.   *Mangini v. Aerojet-*
24 *General Corp.*, 230 Cal.App.3d 1125, 1155-56 (1991).

25 Plaintiff has merely recited portions of the statutes and then alleged that the
26 Defendants violated them without giving any additional information. Then the
27 Plaintiff incorporates the alleged TILA violations included in the other portions of
28 the Complaint. The TILA violations were previously eliminated based upon the

1   expired statute of limitations.  The remainder of this claim is so vague that Ocwen

2   cannot form a useful response.  Further, because this claim is vague it does not

3   present grounds for the relief Plaintiff requested.

4   **VIII. CONCLUSION**

5       Plaintiff's   entire   Complaint   focuses   on   loan   origination   issues.

6   Accordingly, Plaintiff cannot amend the Complaint to include Ocwen in the loan

7   origination claims because Ocwen became involved in 2007, several years after

8   the loan and Deed of Trust were created.  Based upon the foregoing, it is

9   respectfully   requested   that   Ocwen's   Motion   to   Dismiss   Plaintiff's   entire

10  Complaint be granted without leave to amend.

12  DATED: May 8, 2008                          HOUSER & ALLISON
                                                A Professional Corporation

15                                              */s/ Starlet J. Japp*
                                                Eric D. Houser
16                                              Starlet J. Japp
17                                              Attorneys for Defendants,
                                                OCWEN LOAN SERVICING, LLC,
18                                              erroneously sued herein as OCWEN
                                                FINANCIAL SERVICES

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA                )
3                                                        ) ss.
COUNTY OF ORANGE            )
4

5          I am employed in the County of Orange, State of California. I am over the age of
eighteen and not a party to the within action. My business address is 9970 Research Drive,
6    Irvine, California 92618.

7          On May 8, 2008, I served the following document described as:

8    **NOTICE OF FILING NOTICE OF REMOVAL**

9    On the following interested parties in this action:

10   Don C. Burns
LAW OFFICE OF DON C. BURNS
11   71-650 Sahara Road, Suite 2
Rancho Mirage, California 92270
12   Tel: (760) 341-8212
*Attorneys for Plaintiff*
13

14   [X]    VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5: By placing a true copy thereof
15           enclosed in a sealed envelope(s) addressed as above, and placing each for collection and
              mailing on the date following ordinary business practices.  I am readily familiar with my
16           firm's business practice and collection and processing of mail with the United States
              Postal Service and correspondence placed for collection and mailing would be deposited
17           with the United States Postal Service at Irvine, California, with postage thereon fully
              prepaid that same day in the ordinary course of business.
18

19          I declare under penalty of perjury under the laws of the State of California, that the
foregoing is true and correct.  Executed on May 8, 2008 at Irvine, California
20

21

22                                                          Courtney Hershey
23

24

25

26

27

28

---

**OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

12