# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERYKE ARENS,<br><br>                    Plaintiff,<br>vs.<br>OCWEN FINANCIAL SERVICES, et al.,<br><br>                    Defendants. | CASE NO. 08cv0796 JM(POR)<br><br>ORDER REMANDING ACTION TO STATE COURT |

On May 1, 2008 Defendant Ocwen Loan Services, LLC ("Ocwen"), erroneously sued as Ocwen Financial Services, filed a Notice of Removal of Plaintiff's state court complaint. Named defendants Aztec Foreclosure Corporation and Aegis Mortgage Corp. ("Aegis") have yet to appear in this or the state action. (Notice of Removal ¶3). The complaint alleges five state law causes of action for fraud, cancellation of trust deed, temporary restraining order, temporary injunction, permanent injunction, and unfair business practices. Defendant Ocwen is the alleged successor-in-interest to a mortgage originated by Aegis. Ocwen assumed the mortgage in Aegis's bankruptcy proceeding in Delaware. (Compl. ¶4).

In essence, Plaintiff's claims for injunctive relief seek to enjoin Ocwen from foreclosing on her home and the remainder of the claims generally relate to Defendants' alleged involvement in the fabrication of loan documents, false representations contained in the loan documents, inflated commissions and fees charged for the loan,

and submission of fabricated and inflated property appraisals. (Compl. ¶6).

The Notice of Removal alleges that this action "could have originally been filed in this Court" pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. 1331. (Notice ¶4). Ocwen contends that the allegation that Defendants failed to make the requisite disclosures under "state and federal law," (Compl. ¶6), somehow transforms the state law claims into federal claims arising under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Home Owners Equity Protection Act, ("HOWPA"). (Notice ¶5).

The court sua sponte remands this action to state court. See Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (the court may sua sponte remand an action to state court). Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the Untied States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b). Whether a claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). A case "arises under" federal law within the meaning of 28 U.S.C. §1331 when federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. See Franchise Tax Board v. Construction Laborers Vacation

1 Trust, 463 U.S. 1, 27-28 (1983). Ocwen, as the party who invokes federal removal
2 jurisdiction, has the burden of demonstrating the existence of federal jurisdiction. See
3 Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co.,
4 663 F.2d 545 (5th Cir. 1981). Any doubts regarding removal jurisdiction are construed
5 against removal and in favor of remanding the case to state court. See Gaus, 980 F.2d
6 at 566.

7       A "state claim may be removed to federal court in only two circumstances –
8 when Congress expressly so provides . . . or when a federal statute wholly displaces the
9 state-law cause of action through complete pre-emption." Beneficial National Bank v.
10 Anderson, 539 U.S. 1, 8 (2003). The Supreme Court has identified that complete pre-
11 emption occurs under three circumstances: claims arising under the Labor Management
12 Relations Act, the Employee Retirement Income Security Act of 1974 and the National
13 Bank Act. Id.

14       Here, under the well-pleaded complaint rule, Plaintiff's claims do not arise under
15 federal law nor require the resolution of substantial federal issues. The complaint only
16 alleges state law claims. A civil action brought in state court may be removed to federal
17 court by a defendant when federal courts have original jurisdiction over the matter. 28
18 U.S.C. § 1441. The statutes identified by Ocwen, TILA, FDCPR, RESPA, and
19 HOWPA, simply do not pre-empt state law causes of action, see Beneficial, 539 U.S.
20 at 8, nor does Ocwen so allege. Even though the state law claims could potentially
21 allege violations of federal statutes such as TILA, FDCAP, and RESPA as the predicate
22 for a Bus. & Prof. Code §17200 claim, the state law claims do "not depend necessarily
23 upon a question of federal law," Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478
24 U.S. 804, 807 (1986); Roskind v. Morgan Stanley, 165 F.Supp.2d 1059 (N.D.Cal.
25 2001), because a jury could determine that Ocwen is liable under §17200, and the other
26 asserted causes of action, based upon the misrepresentations and fraudulent conduct
27 alleged in the complaint. As federal jurisdiction must "be rejected if there is any doubt
28 as to the right of removal in the first instance," Gaus, 980 F.2d at 566, the court

1  remands the action to state court.[1]

2  In sum, the Clerk of Court is instructed to remand this action to state court.

3  **IT IS SO ORDERED.**

4  DATED:  May 12, 2008

5  _____
   Hon. Jeffrey T. Miller
6  United States District Judge

8  cc:        All parties

---

[1] The court also rejects Ocwen's assertion that this court has original jurisdiction pursuant to 28 U.S.C. §1334(b). That provision authorizes the district court to exercise original, but not exclusive, jurisdiction over actions "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). More specifically, only the district court in which a title 11 case is commenced has exclusive jurisdiction to entertain the action. 28 U.S.C. §1334(e). As the present action does not arise under title 11, the court lacks original jurisdiction over this action.